UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GABRIEL DESMOND YANKEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-1041-JAR |
| ) | |
| KANSAS BUREAU OF INVESTIGATION, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION OF DISMISSAL</u>**

The pro se plaintiff, Gabriel Yankey, Jr., has moved to proceed with this action in forma pauperis (ECF No. 3). As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants plaintiff leave to proceed in forma pauperis, but recommends that his action be dismissed under the screening provisions of 28 U.S.C. § 1915(e)(2).

I.   <u>Motion to Proceed In Forma Pauperis</u>

Upon filing this action, plaintiff moved to proceed in forma pauperis. Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit [asserting] . . . the person is unable to pay such fees or give security therefor."[1]

---

[1] 28 U.S.C. § 1915(a)(1).

1

To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees.[2] The decision to grant or deny in-forma-pauperis status under § 1915 lies within the "wide discretion" of the trial court.[3] Based on the information contained in the supplemental financial affidavit plaintiff filed on February 22, 2022,[4] plaintiff has shown a financial inability to pay the required filing fee. The court therefore grants plaintiff leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1). However, the court withholds service of process pending review of the report and recommendation of dismissal discussed below.[5]

II.   Screening under 28 U.S.C. § 1915(e)(2)

When a party is given leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint to see if it states a claim upon which the court can grant relief. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[6] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon,

---

[2] *United States v Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. 2006).

[3] *Id.*

[4] ECF No. 10.

[5] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that district court may dismiss an action without service of process through the screening process of § 1915(e)).

[6] 28 U.S.C. §1915(e)(2)(B).

2

baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[7]  The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[8]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[9]   This does not mean, however, that the court must become an advocate for the pro se plaintiff.[10]  "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[11]  The "court need not accept allegations that state only legal conclusions."[12]  Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[13]

---

[7]*Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[8]*See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[9]*Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[10]*Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[11]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12]*Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *1 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[13]*Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (internal quotation and citation omitted).

Plaintiff's complaint is difficult to follow and is nearly void of factual allegations. Plaintiff's statement of claim, in whole, reads: "KBI offender registration office – 3 month registry charged to me. (November 2021) KAKE [unreadable word] broadcasting and conspiring against my civil rights!"[14] Plaintiff does not explain the alleged involvement of each of the 14 defendants he names. Plaintiff seeks $20 trillion in damages.[15]

The complaint provides nothing of fact or substance sufficient to state a violation of law upon which the court can render judicial relief.[16] Rather, plaintiff makes "vague, rambling" assertions from which it would be impossible for defendants to frame an answer.[17] The undersigned believes that there is no logical construction of plaintiff's complaint from which to divine a cognizable claim.

In addition, plaintiff purports to bring claims under two criminal statues, 18 U.S.C. § 241 and 42 U.S.C. § 14141,[18] that do not give rise to private rights of action, and therefore any purported claims asserted pursuant to these statutes should be dismissed for failure to

---

[14] ECF No. 1 at 3.

[15] *Id.* at 4.

[16] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

[17] *Collier-Kinnell v. United States*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010) (dismissing case under 28 U.S.C. § 1915(e)).

[18] The court construes plaintiff's claim under 42 U.S.C. § 14141 as an attempted suit under 34 U.S.C. § 12601, as 42 U.S.C. § 14141 was transferred to 34 U.S.C. § 12601, effective September 1, 2017.

state a claim.[19]

Construing the allegations in plaintiff's complaint liberally and in the light most favorable to plaintiff, the undersigned finds that plaintiff has failed to state a claim upon which relief may be granted. The undersigned therefore recommends that this action be dismissed.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

The Clerk is directed to send a copy of this report and recommendation to plaintiff by regular and certified mail.

---

[19] *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("As we recently have emphasized, 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'"); *see also Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (affirming dismissal of claims under 18 U.S.C. §§ 241, 242, 245 for failure to state a claim because "criminal statutes generally do not create private causes of action"); *Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003) ("The district court correctly dismissed plaintiff's claims under 18 U.S.C. § 241 and § 245, for failure to state a claim, because the criminal statutes do not provide for private civil causes of action."); *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (holding 34 U.S.C. § 12601 provides for actions brought by the U.S. Attorney General and does not afford a private right of action).

IT IS SO ORDERED.

Dated February 25, 2022, at Kansas City, Kansas.

                                                   s/ James P. O'Hara
                                                  James P. O'Hara
                                                  U.S. Magistrate Judge